UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN F. SNOW,

    Plaintiff,

v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:23-cv-02117-KJM-EFB (PC)

ORDER

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has paid the filing fee.

<u>Screening Standards</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

1

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that, on July 31, 2017, he discovered that state Board of Parole Hearings psychologist, defendant Weiss, had accessed his confidential mental health records without his knowledge or consent. ECF No. 1 at 8-9. The Board denied his bid for parole based, in part, on Weiss's "risk assessment" report. *Id.* at 9. Plaintiff alleges that these actions violated his equal protection, due process, and Fourth Amendment rights. *Id.*

"[P]risoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (holding that state officials did not violate the Constitution by reviewing an inmate's medical records in determining whether to commit the

2

inmate as a sexually violent predator); *see also Coleman v. Martin*, 63 Fed. Appx. 791, 793 (6th Cir. 2003) (holding that an inmate did not state a constitutional claim based on dissemination of his mental health records to the parole board); *Wilson v. Wheeler*, 584 Fed. Appx. 365 (9th Cir. 2014) (affirming district court dismissal of inmate's informational privacy claim connected to a parole board hearing).  Plaintiff has not alleged facts showing that any defendant lacked a legitimate penological justification for accessing his records to determine his suitability for parole.  Indeed, such a claim would be difficult to make, as the Ninth Circuit has found that protection of the public and management of rehabilitative efforts are legitimate interests. *Seaton*, 610 F.3d at 534-35.

Nevertheless, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: December 19, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE