1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN F. SNOW,                          No.  2:23-cv-02117-KJM-EFB (PC)

12              Plaintiff,

13        v.                                    ORDER

14   JEFF MACOMBER, et al.,

15              Defendants.

16

17        Plaintiff, a state prison inmate, proceeds without counsel in an action brought under

18   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 as provided by

19   28 U.S.C. § 636(b)(1).

20        On December 19, 2023, the magistrate judge screened plaintiff's complaint in accordance

21   with 28 U.S.C. § 1915A.  ECF No. 7.  The magistrate judge dismissed the complaint for failure to

22   state a claim and granted plaintiff thirty days in which to file an amended complaint to cure the

23   deficiencies.  *Id.*  The time for acting has now passed and plaintiff has not filed an amended

24   complaint.  Instead, he has filed objections to the screening order, which the court construes as a

25   motion for reconsideration.

26        A district judge may consider timely requests to "modify or set aside any part of the

27   [magistrate judge's] order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a);

28   /////

                                             1

1   *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f).  Upon review of the file, the court finds

2   the magistrate judge's ruling is not clearly erroneous or contrary to law.

3        As the magistrate judge notes, the Ninth Circuit has held "prisoners do not have a

4   constitutionally protected expectation of privacy in prison treatment records when the state has a

5   legitimate penological interest in access to them."  *Seaton v. Mayberg*, 610 F.3d 530, 534

6   (9th Cir. 2010).  The prisoner has the burden to plead "facts to rebut the connection between

7   disclosure of his prison treatment records and the State's legitimate penological objectives during

8   his custody."  *Id.* at 535; *see also*, *e.g.*, *Curtis v. Padua*, No. 15-01682, 2015 WL 7017047, at *4

9   (E.D. Cal. Nov. 12, 2015).  As the magistrate judge found, plaintiff has not alleged facts showing

10  defendants lacked legitimate penological objectives for accessing his medical records.  Therefore,

11  plaintiff's federal claims must be dismissed for failure to state a claim.  To the extent plaintiff

12  might have alleged any viable state law claims, the magistrate judge did not err in declining to

13  address them.  *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental

14  jurisdiction over state law claims if federal claims have been dismissed); *United Mine Workers of*

15  *Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see, e.g.*, *Power Probe, Inc. v. Sullivan*, No. 15-1404,

16  2016 WL 7496841, at *3 (C.D. Cal. Feb. 23, 2016) (declining to address state law claims "unless

17  and until Plaintiff remedies the deficiencies in his federal-law claim").

18       Therefore, IT IS HEREBY ORDERED that, upon reconsideration, the order of the

19  magistrate judge filed December 19, 2023, is affirmed.  Plaintiff may file his amended complaint

20  within 30 days of this order.  Failure to comply with this order may result in dismissal of this

21  action.

22  DATED:  April 15, 2024.

23

24  _____

25  CHIEF UNITED STATES DISTRICT JUDGE

26

27

28