1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN F. SNOW,                          No. 2:23-cv-02117-KJM-EFB (PC)

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   JEFF MACOMBER, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has paid the filing fee.  On December 19, 2023, the court dismissed plaintiff's

19   complaint with leave to amend.  ECF No. 7.  Plaintiff has filed an amended complaint.  ECF No.

20   12.

21                              Screening Standards

22        Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

25   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

26   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

27   relief."  *Id.* § 1915A(b).

28

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

3    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8    U.S. 662, 679 (2009).

9    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11   action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

12   a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

13   678.

14   Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16   content that allows the court to draw the reasonable inference that the defendant is liable for the

17   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

18   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21                                          Screening Order

22   Plaintiff alleges that, on July 31, 2017, he discovered that state Board of Parole Hearings

23   psychologist, defendant Weiss, had accessed his confidential mental health records without his

24   knowledge or consent.  ECF No. 12 at 27-28.  The Board denied his bid for parole based, in part,

25   on Weiss's "risk assessment" report.  *Id.* at 34.  Plaintiff alleges that these actions violated his

26   equal protection, due process, and Fourth Amendment rights.

27    As the court informed plaintiff in the original screening order, "prisoners do not have a

28   constitutionally protected expectation of privacy in prison treatment records when the state has a

2

1    legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th

2    Cir. 2010) (holding that state officials did not violate the Constitution by reviewing an inmate's

3    medical records in determining whether to commit the inmate as a sexually violent predator); *see

4    also Coleman v. Martin*, 63 Fed. Appx. 791, 793 (6th Cir. 2003) (holding that an inmate did not

5    state a constitutional claim based on dissemination of his mental health records to the parole

6    board); *Wilson v. Wheeler*, 584 Fed. Appx. 365 (9th Cir. 2014) (affirming district court dismissal

7    of inmate's informational privacy claim connected to a parole board hearing). Plaintiff has not

8    alleged facts showing that any defendant lacked a legitimate penological justification for

9    accessing his records to determine his suitability for parole. Indeed, such a claim would be

10   difficult to make, as the Ninth Circuit has found that protection of the public and management of

11   rehabilitative efforts are legitimate interests. *Seaton*, 610 F.3d at 534-35.

12           Plaintiff claims that he has an interest in the confidentiality of his psychiatric treatment

13   records granted by California law that is also protected by the federal Constitution. But whatever

14   privacy rights plaintiff has in his treatment records is not absolute, as the Ninth Circuit provided

15   in *Seaton*. *See also Endy v. City of L.A.*, 975 F.3d 757, 768 (9th Cir. 2020) (neither federal nor

16   California privacy rights are absolute). Contrary to plaintiff's arguments, governing law holds

17   that an individual's privacy rights may indeed be outweighed by governmental interests. *Id.* at

18   769. And, in particular, a prisoner's privacy rights in records considered by a parole board are

19   circumscribed by the government's interest in protecting the public. *Murphy v. Thompson*, 15

20   Fed. Appx. 417, 418 (9th Cir. 2001) ("In making parole decisions, the government must balance

21   the prisoner's liberty interest with the government's interest in protecting the public.").

22           As plaintiff's claim is foreclosed by the law, leave to amend would be futile.

23   Accordingly, the court should dismiss the first amended complaint without leave to amend.

24   *Plumeau v. Sch. Dist. 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997).

                                            Conclusion

26           Accordingly, IT IS RECOMMENDED that:

27       1.    Plaintiff's amended complaint (ECF No. 11) be DISMISSED without leave to amend;

28              and

                                                3

1    2.    The Clerk of Court be directed to administratively terminate all pending motions[1] and

2         close the case.

3        These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10

11   Dated: January 21, 2025

12                                                 EDMUND F. BRENNAN
                                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [1] Plaintiff has filed a motion for a temporary restraining order that would prevent the parole board from considering his psychiatric records in its upcoming hearing concerning his suitability for parole.  ECF No. 15.  As discussed above, plaintiff's claim is legally foreclosed.

4